1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | DAVID FONTANA, LISA FONTANA,  )  Case No. 2:10-CV-00710 JAM-KJN
   |                              )
12 |            Plaintiffs,       )  ORDER DENYING IN PART AND
   |                              )  GRANTING IN PART
13 |    v.                        )  DEFENDANTS' MOTION TO DISMISS
   |                              )
14 | ALPINE COUNTY, ALPINE COUNTY )
   | BOARD OF SUPERVISORS, ALPINE )
15 | COUNTY SHERIFF'S OFFICE, ALPINE )
   | COUNTY DISTRICT ATTORNEY'S    )
16 | OFFICE, SHERIFF JOHN CRAWFORD, )
   | UNDER SHERIFF ROB LEVY, SERGEANT )
17 | RON MICHITARIAN, OFFICER ED   )
   | BRAZ, OFFICER SPENCER CASE,   )
18 | DISTRICT ATTORNEY WILL RICHMOND, )
   | and DOES 1-100,               )
19 |                              )
   |            Defendants.        )
20 |_____)

21       This matter comes before the Court on Defendants' Alpine

22 County, Alpine County Board of Supervisors, Alpine County

23 Sheriff's Office, Alpine County District Attorney's Office,

24 Sheriff John Crawford ("Crawford"), Under Sheriff Rob Levy

25 ("Levy"), Sergeant Ron Michitarian ("Michitarian"), Officer Ed

26 Braz ("Braz"), Officer Spencer Case ("Case"), and District

27 Attorney Will Richmond ("Richmond"), (collectively

28 "Defendants"), Motion to Dismiss (Doc. 8), the Complaint filed

1

1   by David Fontana ("Mr. Fontana") and Lisa Fontana ("Mrs.

2   Fontana"), collectively, ("Plaintiffs"), on grounds of absolute

3   and qualified immunity and for failure to state a claim,

4   pursuant to Federal Rule of Civil Procedure 12(b)(6).

5   Plaintiffs oppose the motion.[1]

6                I.    FACTUAL AND PROCEDURAL BACKGROUND

7        On or about July 2006, two girls who were friends with Mr.

8   Fontana's daughter accused Mr. Fontana of touching them

9   inappropriately.  After an investigation, Mr. Fontana was charged

10  and tried for the alleged crime.  He was acquitted.

11       The Complaint (Doc. 1) alleges that Defendants violated Mr.

12  Fontana's civil rights under 42 U.S.C. § 1983 by infringing on his

13  Fourth, Sixth, and Fourteenth Amendment rights.  Mr. Fontana seeks

14  compensatory and punitive damages and Mrs. Fontana seeks damages

15  for loss of consortium.  The Defendants ask this Court to dismiss

16  the Complaint.

17       The Complaint alleges that the two girls made false

18  accusations which they quickly recanted, but Alpine County

19  continued to pursue the case.  Plaintiffs allege that the

20  investigation was improperly conducted because Officer Braz,

21  Sheriff Crawford, Under Sheriff Levy, and Sergeant Michitarian had

22  no training related to sexual abuse investigations.

23       Plaintiffs allege that those Defendants ignored the recanted

24  accusations, fabricated evidence, withheld exculpatory evidence,

25  intentionally destroyed evidence, spoiled evidence, and denied Mr.

26  Fontana due process.  Additionally, the Complaint alleges that

27  _____

28  [1]  This motion was determined to be suitable for decision without
    oral argument. E.D.Cal. L.R. 230(g).

                                    2

1 | Sheriff Crawford and Under Sheriff Levy failed to supervise the

2 | investigation.

3 | The Complaint claims that Mr. Fontana was improperly arrested.

4 | It alleges that the arresting officers did not have a warrant when

5 | they arrested Mr. Fontana at gunpoint from his home.

6 | The Complaint alleges that Defendants violated a gag order and

7 | made false statements to third parties regarding the pending

8 | investigation and that many of those statements were

9 | unsubstantiated.  Plaintiffs further allege that District Attorney

10 | Will Richmond pursued the case without sufficient evidence and that

11 | during the trial Defendants perjured themselves.

12 |

13 | II.   OPINION

14 | A.    Legal Standard

15 | 1.    Motion to Dismiss

16 | A party may move to dismiss an action for failure to state

17 | a claim upon which relief can be granted pursuant to Federal

18 | Rule of Civil Procedure 12(b)(6).  In considering a motion to

19 | dismiss, the court must accept the allegations in the complaint

20 | as true and draw all reasonable inferences in favor of the

21 | plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975),

22 | overruled on other grounds by Davis v. Scherer, 468 U.S. 183

23 | (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

24 | are mere "legal conclusions," however, are not entitled to the

25 | assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950

26 | (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

27 | (2007).  To survive a motion to dismiss, a plaintiff needs to

28 | plead "enough facts to state a claim to relief that is plausible

3

1  on its face." Twombly, 550 U.S. at 570.   Dismissal is

2  appropriate where the plaintiff fails to state a claim

3  supportable by a cognizable legal theory.  Balistreri v.

4  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

5       Upon granting a motion to dismiss for failure to state

6  a claim, the court has discretion to allow leave to amend the

7  complaint pursuant to Federal Rule of Civil Procedure 15(a).

8  "Dismissal with prejudice and without leave to amend is not

9  appropriate unless it is clear . . . that the complaint could

10 not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

11 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

12       2.   Section 1983

13     Plaintiffs' claims against Defendants are brought under 42

14 U.S.C. § 1983.   To prevail in a § 1983 civil action against

15 state actors for the deprivation of "rights, privileges, or

16 immunities secured by the Constitution and laws, a plaintiff

17 must show that (1) acts by the defendants (2) under color of

18 state law (3) deprived him of federal rights, privileges or

19 immunities and (4) caused him damage.   Section 1983 is not

20 itself a source of substantive rights, but merely provides a

21 method for vindicating federal rights elsewhere conferred.

22 Accordingly, the conduct complained of must have deprived the

23 plaintiff of some right, privilege or immunity protected by the

24 Constitution or laws of the United States."   Thornton v. City of

25 St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal

26 citations omitted).

27     B.   Claims for Relief

28     Defendants ask the Court to dismiss the Complaint based on

4

1  the Defendants' absolute and qualified immunity and based on

2  Fed.R.Civ.P. 12(b)(6).  The Court will first analyze the

3  immunity arguments because absolute and qualified immunity are

4  intended to provide "*immunity from suit* rather than a mere

5  defense to liability."  Mitchell v. Forsyth, 472 U.S. 511, 511

6  (1985).  As such, if Defendants can properly plead immunity,

7  they are "entitled to dismissal. . . ."  Id. at 526.

8        The second part of this Order will address Defendants'

9  12(b)(6) motion as it pertains to the remaining Defendants.

10       1.   Absolute Immunity

11            a.   District Attorney Will Richmond

12       Plaintiffs allege that District Attorney Richmond pursued

13  the criminal case against Mr. Fontana without sufficient

14  evidence.  Defendants counter that Plaintiffs are unable to

15  state a claim because Richmond acted in his role as a prosecutor

16  and is protected under absolute immunity in his official

17  capacity and qualified immunity in his personal capacity.

18  Plaintiffs ask the Court to allow discovery to assess the full

19  extent of Richmond's involvement in the investigation and

20  prosecution of the case.

21       States and state officials acting in their official

22  capacities are immune from § 1983 liability because they are not

23  considered "persons" under the statute.  Will v. Michigan

24  Department of State Police, 491 U.S. 59, 71 (1989).

25       To assess whether the district attorney is considered a

26  state official, and thus immune from § 1983 liability, the court

27  must conduct two inquiries: (1) whether the government official

28  is a "final policymaker[] for the local government in a

1  particular area, or on a particular issue" and (2) whether that

2  official has "final policymaking authority" which is a question

3  of state law. McMillian v. Monroe County, 520 U.S. 781, 785-86

4  (1997).

5      In McMillian, the Supreme Court reviewed Alabama's

6  constitution, statutes, and case law to determine whether a

7  county sheriff was a state or county official for purposes of

8  § 1983 liability. Id. at 787-93.  On balance, the Court

9  determined that, under Alabama law, a county sheriff was a state

10  official when carrying out his law enforcement duties.  Id. at

11  791-93.

12      Here, the Court turns to California law to determine

13  whether a district attorney is a state or county official.  In

14  Pitts v. County of Kern, 17 Cal. 4th 340 (1998), the California

15  Supreme Court, following McMillian, analyzed California law to

16  hold that a district attorney was a state official for purposes

17  of § 1983 liability while acting in his prosecutorial capacity.

18  Pitts, 17 Cal. 4th at 928-34. That decision was embraced by the

19  Ninth Circuit in Weiner v. San Diego County, 210 F.3d 1025, 1031

20  (9th Cir. 2000) which held that a district attorney is a state

21  official and is not subject to § 1983 liability when deciding

22  whether to proceed with a criminal prosecution.  Accordingly,

23  Richmond is considered a state official and is immune from

24  § 1983 liability in his official capacity.

25      Plaintiffs argue that while Richmond is generally entitled

26  to immunity, prosecutorial immunity does not extend to Richmond

27  in his investigatory capacity. See Hartman v. Moore, 547 U.S.

28  250, 262 n.8 (2006) (finding that absolute immunity does not

6

1 extend to a prosecutor's investigatory capacity).  Plaintiffs

2 ask the Court to allow this case to continue into discovery

3 because "the parties cannot know the full extent of defendant

4 Richmond's involvement in the investigation and prosecution of

5 the case."  Plaintiffs' Opposition to Motion to Dismiss at 3.

6      However, Plaintiffs have not asserted any plausible

7 allegations to suggest that Richmond engaged in unconstitutional

8 investigatory conduct.  Plaintiffs' only allegation against

9 Richmond is that he "pursued the case without sufficient

10 evidence." Complaint at 5.  Even assuming this were true, "in

11 initiating a prosecution and in presenting the State's case, the

12 prosecutor is immune from a civil suit for damages under

13 § 1983."  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

14      Plaintiffs' request is essentially asking permission to

15 conduct a fishing expedition.  Plaintiffs have not pled any

16 facts that would indicate Richmond acted unconstitutionally

17 during the investigation.  "Without some factual allegation in

18 the complaint, it is hard to see how a claimant could satisfy

19 the requirement of "providing not only 'fair notice' of the

20 nature of the claim, but also 'grounds' on which the claim

21 rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 N.3

22 (2007).  It is inappropriate to assume that Plaintiffs "can

23 prove facts which [they have] not alleged or that the defendants

24 have violated the ... laws in ways that have not been alleged."

25 Associated General Contractors of Cal., Inc. v. California State

26 Council of Carpenters, 459 U.S. 519, 526 (1983).  Therefore,

27 because Richmond is protected by prosecutorial immunity and

28 Plaintiffs have failed to provide any allegations that would

1  justify discovery, Defendants' motion to dismiss all claims

2  against Richmond is GRANTED WITHOUT PREJUDICE.

3              b.    Alpine County District Attorney's Office

4       Plaintiffs make no specific allegations against the Alpine

5  County District Attorney's Office.  Since Richmond is protected

6  by prosecutorial immunity, the District Attorney's Office is

7  immune as well.  See Van Kamp v. Goldstein, 129 S.Ct. 855, 862

8  (2009)(holding that all prosecutors in an office enjoy absolute

9  immunity to protect the proper functioning of the office)

10  (internal citations omitted).  Moreover since the District

11  Attorney's office is an arm of the County and the County is

12  still a defendant in this action, not dismissing the District

13  Attorney's Office is redundant.  Accordingly, Defendants' motion

14  to dismiss all claims against the Alpine County District

15  Attorney's Office is GRANTED WITH PREJUDICE.

16              c.    Sheriff Crawford and Under Sheriff Levy

17       Plaintiffs allege that Sheriff Crawford and Under Sheriff

18  Levy failed to supervise the investigation by Officer Braz and

19  Sergeant Michitarian and by their actions, Crawford and Levy

20  authorized and/or ratified the officers' misconduct and are

21  liable in their official and personal capacities.  Defendants

22  argue that Crawford and Levy are state actors who are protected

23  by Eleventh Amendment sovereign immunity in their official

24  capacities.

25       To determine immunity, this Court again utilizes the

26  McMillian analysis.  See McMillian, 520 U.S. at 785-86.  There

27  is a split between California law and Ninth Circuit law as to

28  whether a sheriff is a state or county actor.  In Venegas v.

8

1  County of Los Angeles, 32 Cal. 4th 820 (2004), the California

2  Supreme Court examined applicable California law to reach the

3  conclusion that "sheriffs act on behalf of the state when

4  performing law enforcement duties."  Venegas, 32 Cal. 4th at

5  826.

6      However, before the Venegas decision, the Ninth Circuit

7  reached the opposite conclusion in Brewster v. Shasta County,

8  275 F.3d 803 (9th Cir.2001)- county sheriffs in California act

9  on behalf of their county, not the state, during the course of

10 investigating crime.  Brewster predates Venegas and the Ninth

11 Circuit has not yet addressed Venegas directly.

12     The issue is which court's interpretation of California law

13 should control.  At first glance, the United States Supreme

14 Court's holding in McMillian, 520 U.S. at 786, suggests that the

15 more recent pronouncement in Venegas should control because

16 McMillian held that the policymaker determination is a question

17 of state law.  However, the Ninth Circuit does not have to

18 follow the determinations of the California courts in § 1983

19 lawsuits. In Streit v. County of Los Angeles, 236 F.3d 552

20 (2001), a § 1983 action, the Ninth Circuit held that "even if

21 the case were on all fours we would not be bound by [the

22 California court's] conclusion regarding section 1983 liability

23 because such questions implicate federal, not state, law."

24 Streit, 236 F.3d at 563.

25     Since Venegas, district courts in California have continued

26 to follow Brewster and have held sheriffs to be county actors

27 who are not immune to § 1983 liability when investigating a

28 crime.  See e.g. Lopez v. Youngblood, No. 1:07cv0474, 2009 WL

9

1  2062883, at *7-8 (E.D.Cal. 2009); <u>Armstrong v. Siskiyou County</u>

2  <u>Sheriff's Department</u>, No. CIV-S-07-1046, 2008 WL 686888, at *6-7

3  (E.D.Cal. 2008); <u>Faulkner v. County of Kern</u>, No. 1:04-CV-05964,

4  2006 WL 1795107, *15-16 (E.D.Cal. 2006).  This Court will follow

5  the Ninth Circuit and other district court precedents and find

6  that when investigating crimes, sheriffs are county actors who

7  are not protected by Eleventh Amendment immunity.

8        Defendants argue that since the County is a Defendant and

9  since the Court finds Crawford and Levy may be liable in their

10 official capacities, a suit against both the County and Crawford

11 and Levy in their official capacities is redundant.  "Section

12 1983 claims against government officials in their official

13 capacities are really suits against the governmental employer

14 because the employer must pay any damages awarded."  <u>Butler v.</u>

15 <u>Elle</u>, 281 F.3d 1014, 1023 n.8 (9th Cir.2002).  "For this reason,

16 when both an officer and the local government entity are named

17 in a lawsuit and the officer is named in official capacity only,

18 the officer is a redundant defendant and may be dismissed."

19 <u>Luke v. Abbott</u>, 954 F.Supp. 202, 203 (C.D.Cal. 1997).  Thus,

20 while Crawford and Levy may be liable in both their official and

21 personal capacities, since the County of Alpine is a defendant

22 in this action, it would be redundant to maintain a suit against

23 Crawford and Levy in their official capacities and against the·

24 County.

25        Accordingly, Defendants' motion to dismiss based on

26 absolute immunity for Crawford and Levy is DENIED.  However,

27 because the County of Alpine remains a defendant, Crawford and

28 Levy are dismissed in their official capacities but will remain

1  as defendants in their personal capacities.

2          d.    Immunity for Alpine County Sheriff's Office

3          Since the Court has concluded that Sheriff Crawford and

4  Under Sheriff Levy are county actors and therefore not entitled

5  to Eleventh Amendment immunity, the Alpine County Sheriff's

6  Office is also not immune from § 1983 liability.

7          Defendants contend, however, that since the Sheriff's

8  Office is an arm of the County, and the County is still a

9  defendant in this action, it is tantamount to and redundant of

10  suing the County itself if the Sheriff's Office is not dismissed

11  as a defendant.  The Court agrees. Accordingly, the motion to

12  dismiss the Alpine County Sheriff's Office is GRANTED WITH

13  PREJUDICE.

14          e.    Alpine County Board of Supervisors

15          Plaintiffs allege that the Alpine Board of Supervisors

16  failed to train its employees, agents, and/or servants on its

17  policies and procedures.  Defendants argue that the Alpine

18  County Board of Supervisors should be dismissed because suing

19  them in their official capacities is the same as suing the

20  County and would be redundant.  In addition, Defendants argue

21  that the Board of Supervisors should be dismissed in their

22  personal capacities because Plaintiffs failed to plead facts to

23  suggest that any member of the Board of Supervisors had personal

24  involvement in the investigation and prosecution of Mr. Fontana.

25  Plaintiffs do not dispute that the Alpine County Board of

26  Supervisors should be dismissed from this action and stipulate

27  to the dismissal of this defendant.  Accordingly, Defendants'

28  motion to dismiss the Alpine County Board of Supervisors is

1  GRANTED WITH PREJUDICE.

2          f.    Sergeant Ron Michitarian, Officer Ed Braz,
                 Officer Spencer Case
3

4       Plaintiffs allege that Sergeant Michitarian and Officer

5  Braz engaged in a negligent investigation in which they

6  fabricated evidence, withheld exculpatory evidence, failed to

7  investigate, intentionally destroyed evidence, and spoiled

8  evidence.  Additionally, Plaintiffs allege that Michitarian and

9  Braz had no training related to child abuse investigations.

10 Defendants argue that the suit against the officers in their

11 official capacities should be dismissed as duplicative since

12 they argue that an official capacity suit is the same as suing

13 the municipality.  Plaintiffs respond that they should be

14 allowed to continue to sue these two defendants in both their

15 official capacity and personal capacity at least until

16 discovery.

17      As discussed supra, suing a defendant in his official

18 capacity is generally an alternative means of suing the entity

19 of which the defendant is an officer or agent.  Kentucky v.

20 Graham, 473 U.S. 159, 165-66 (1985).

21      In contrast, "[p]ersonal-capacity suits ... seek to impose

22 individual liability upon a government officer for actions taken

23 under color of state law."  Hafer, 502 U.S. at 25; Suever v.

24 Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).  To establish

25 personal liability in a § 1983 action, a plaintiff need only

26 show that an official acting under color of state law deprived

27 him or her of a federal right.  Id.  A defendant in a personal-

28 capacity claim may be able to assert personal immunity defenses,

12

1 such as reasonable reliance on existing law. Id.

2       As with Crawford and Levy, it is redundant for Plaintiffs

3 to sue Alpine County and the officers in their official

4 capacities. Therefore, because Alpine County remains a

5 defendant, Defendants' motion to dismiss the § 1983 claims

6 against Michitarian, Braz, and Case in their official capacities

7 is GRANTED WITH PREJUDICE. The § 1983 claims against the

8 officers in their personal capacities remain. Therefore, the

9 motion to dismiss the officers in their personal capacities is

10 DENIED.

11       2.    Motion to Dismiss Under Federal Rule of Civil
             Procedure 12(b)(6)

12

13         a.    First Cause of Action: Violation of Civil Rights
             Under § 1983

14       The Complaint consists of two causes of action and a demand

15 for damages. The First Cause of Action alleges that Defendants

16 were acting under color of state law when they committed several

17 torts and should be held liable under § 1983. Defendants argue

18 that the First Cause of Action should be dismissed because

19 Plaintiffs fail to allege any substantive federal rights in

20 their § 1983 claim. Plaintiffs respond that § 1983 is

21 appropriate when coupled with other violations of federal law.

22       As discussed supra, § 1983 is a method for vindicating

23 federal rights elsewhere conferred. Thornton, 425 F.3d 1158 at

24 1164. In the First Cause of Action, Plaintiffs merely allege

25 that the Defendants committed torts under state law and do not

26 invoke any federal rights. Plaintiffs fail to explain in their

27 opposition how their First Cause of Action differs from their

28 Second Cause of Action. It appears to this Court that

1  Plaintiffs have identically pled two claims for relief: one for

2  violation of their rights under Section 1983 and the second for

3  violations of their rights under the Fourth, Sixth, and

4  Fourteenth Amendments.  Section 1983 is a vehicle by which

5  Plaintiffs may sue for violation of their constitutional rights.

6  Accordingly, the First Cause of Action is duplicative and fails

7  as a matter of law.  Therefore, Defendants' motion to dismiss

8  the First Cause of Action is GRANTED WITH PREJUDICE.

9              b.    Second Cause of Action: Mr. Fontana's Sixth
                     Amendment Rights
10

11       In their Second Cause of Action, Plaintiffs allege that

12  Defendants violated Mr. Fontana's Sixth Amendment rights by not

13  disclosing exculpatory evidence.  Defendants reply that

14  Plaintiffs fail to suggest a cognizable violation of the Sixth

15  Amendment.

16       The Supreme Court has never squarely held that the Sixth

17  Amendment Compulsory Process Clause requires the government to

18  produce exculpatory evidence. Pennsylvania v. Ritchie, 480 U.S.

19  39, 56 (1987).  Instead, the Court traditionally has evaluated

20  exculpatory evidence claims under the broader protections of the

21  Due Process Clause of the Fourteenth Amendment.  See United

22  States v. Bagley, 473 U.S. 667 (1985); Brady v. Maryland, 373

23  U.S. 83 (1963).

24       While it is unclear whether withholding exculpatory

25  evidence violates the Sixth Amendment or the Fourteenth

26  Amendment, it is well settled that the government has the

27  obligation to turn over evidence in its possession that is both

28  favorable to the accused and material to guilt or punishment.

                                14

1  Brady v. Maryland, 373 U.S. at 87. "[E]vidence is material only

2  if there is a reasonable probability that, had the evidence been

3  disclosed to the defense, the result of the proceeding would

4  have been different.  A 'reasonable probability' is a

5  probability sufficient to undermine confidence in the outcome."

6  Bagley, 473 U.S. at 682 (opinion of BLACKMUN, J.).

7      Here, Mr. Fontana was acquitted at trial.  Despite the

8  acquittal, Plaintiffs allege that the withheld evidence was to

9  their "detriment," a vague allegation.  It is unclear how the

10 alleged withholding of evidence violated Mr. Fontana's Sixth

11 Amendments rights given his acquittal.  Accordingly, Defendants'

12 motion to dismiss this portion of the Second Cause of Action is

13 GRANTED WITHOUT PREJUDICE.

14          c.    Second Cause of Action: State Law Claims

15     Defendants argue that Plaintiffs did not timely file a

16 Government Tort Claim for the state causes of action, as

17 required by the Government Tort Claims Act.  Plaintiffs counter

18 that a Government Tort Claim was submitted to the County of

19 Alpine on November 18, 2009.  Plaintiffs argue the filing

20 occurred within the proscribed six-month time frame beginning on

21 May 29, 2009 when a jury acquitted Mr. Fontana.

22     The Court finds the Complaint is confusing with respect to

23 the state law claims.  Since the Plaintiffs lumped all of their

24 claims into two causes of action, it is unclear whether

25 Plaintiffs are trying to recover on each state law claim

26 separately or if the claims are part of the § 1983 claim.  If

27 Plaintiffs are seeking separate relief for each state law claim,

28 then they should have pled each claim separately and included an

1    allegation as to when the claim accrued.   Accordingly,

2    Defendants' motion to dismiss the state law claims is GRANTED

3    WITHOUT PREJUDICE.

4                    d.    Second Cause of Action: Lisa Fontana's
                           Constitutional Claims
5

6         Defendants argue that Mrs. Fontana has failed to plead

7    facts sufficient to state a cognizable claim for violation of

8    her constitutional rights.   Plaintiffs' response clarified that

9    she is not pleading a violation of her constitutional rights;

10   her sole claim is for loss of consortium as a result of the

11   mental, emotional, and physical toll that the criminal

12   prosecution took on her husband.   Like the other state law

13   claims, Plaintiffs should have pled Mrs. Fontana's loss of

14   consortium claim separately and included an allegation as to

15   when the claim accrued.   Thus, Defendants' motion to dismiss

16   Mrs. Fontana's claims is GRANTED WITHOUT PREJUDICE.

17                    e.    Punitive Damages Against County of Alpine

18        Plaintiffs request punitive damages, in addition to

19   compensatory damages and attorney's fees against all Defendants.

20   Defendants argue that as a matter of law, Plaintiffs cannot

21   obtain punitive damages from the County of Alpine.   Plaintiffs

22   stipulate to the dismissal of the punitive damages claim against

23   the County.   Accordingly, the Defendants' motion to dismiss

24   punitive damages claims against the County of Alpine is GRANTED

25   WITH PREJUDICE.

26                            III. ORDER

27        For the reasons set forth above,

28        The following Defendants are DISMISSED WITH PREJUDICE:

                                 16

1 | Alpine County District Attorney's Office, Sheriff Crawford in

2 | his official capacity, Under Sheriff Levy in his official

3 | capacity, Alpine County Sheriff's Office, Alpine County Board of

4 | Supervisors, Sergeant Michitarian in his official capacity,

5 | Officer Braz in his official capacity, Officer Case in his

6 | official capacity;

7 |     The following Defendant is DISMISSED WITHOUT PREJUDICE:

8 | District Attorney Richmond;

9 |     Defendants' motion to dismiss the First Cause of Action **is**

10 | GRANTED WITH PREJUDICE;

11 |     Defendants' motion to dismiss the Sixth Amendment claims in

12 | the Second Cause of Action is GRANTED WITHOUT PREJUDICE;

13 |     Defendants' motion to dismiss all state law claims is

14 | GRANTED WITHOUT PREJUDICE;

15 |     Defendants' motion to dismiss Mrs. Fontana's loss of

16 | consortium claim is GRANTED WITHOUT PREJUDICE; and

17 |     Defendants' motion to dismiss the punitive damages claim

18 | against the County of Alpine is GRANTED WITH PREJUDICE.

19 |     Plaintiffs shall file their Amended Complaint within twenty

20 | (20) days from the date of this Order.

21 |     IT IS SO ORDERED.

22 | Dated: September 30, 2010

23 | JOHN A. MENDEZ,
    UNITED STATES DISTRICT JUDGE

24

25

26

27

28