UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FONTANA, LISA FONTANA, | Case No. 2:10-CV-00710 JAM-KJN |
| Plaintiff, | |
| v. | <u>ORDER GRANTING<br>DEFENDANTS' MOTION TO DISMISS</u> |
| ALPINE COUNTY, SHERIFF JOHN CRAWFORD, UNDER SHERIFF ROB LEVY, SERGEANT RON MICHITARIAN, OFFICER ED BRAZ, OFFICER SPENCER CASE, DISTRICT ATTORNEY WILL RICHMOND, and DOES 1-100, | |
| Defendants. | |

This matter comes before the Court on Defendants' Alpine County, Sheriff John Crawford, Under Sheriff Rob Levy, Sergeant Ron Michitarian, Officer Ed Braz, Officer Spencer Case, and District Attorney Will Richmond, (collectively "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint and Motion to Strike pursuant to California Code of Civil Procedure 425.16 (Doc. #14). Plaintiffs David Fontana and Lisa Fontana ("Plaintiffs") oppose the Motion (Doc. #16).[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L. R. 230(g). The hearing was scheduled for February 09, 2011.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2006, two girls who were friends with David Fontana's ("Fontana") daughter, accused him of touching them inappropriately. After an investigation, Fontana was charged and tried for the crime. He was acquitted.

Plaintiffs bring this action for alleged civil rights and state law violations that occurred during the investigation, arrest, and trial. Defendants filed a Motion to Dismiss (Doc. #8) the original Complaint and the Court granted in part and denied in part the Motion ("Order," Doc. #12). Plaintiffs amended their Complaint (Doc. #13) and Defendants now move to dismiss this First Amended Complaint ("FAC").

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief

that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Section 1983

Plaintiff's first three claims against Defendants are brought under 42 U.S.C. § 1983. To prevail in a § 1983 civil action against state actors for the deprivation of

> "rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States."

Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

///
///
///

B.   Claims for Relief

    1.   District Attorney Will Richmond

In its Order, this Court held that when initiating prosecution and when presenting the state's case, District Attorney Will Richmond ("Richmond") was immune from civil liability, but he could be held liable for unconstitutional conduct when acting in an investigatory capacity.  Order at 6-7.  Since Plaintiffs did not assert any plausible allegations to suggest that Richmond engaged in unconstitutional investigatory conduct, the Court granted Defendants' motion to dismiss all claims against Richmond without prejudice.

In their Complaint (Doc. #1), Plaintiffs alleged that Richmond "pursued the case without sufficient evidence. . . ."  Compl. at ¶ 25.  The FAC includes additional allegations that Richmond suppressed evidence, knew or should have known that the other defendants made false statements, covered up the other defendants wrongdoing, failed to establish policies and procedures sufficient to protect against Brady violations, and failed to adhere to "general prosecutorial policy" in relation to David Fontana.  FAC ¶ 23.  These new allegations, however, are still insufficient since they are all related to the criminal prosecution of David Fontana.  Plaintiffs' FAC fails once again to allege any facts that would indicate Richmond acted unconstitutionally during the investigation or engaged in any conduct which violated Plaintiffs' constitutional rights outside of his role as a prosecutor preparing a case for trial.  Richmond is entitled to absolute prosecutorial immunity as to all claims brought against him in the FAC.  Prosecutors are "absolutely immune from liability under Section 1983 for their

4

conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." <u>Burns v. Reed</u>, 500 U.S. 478, 478 (1991) (internal citations omitted).  Plaintiffs have been given two opportunities to try to properly plead claims against Richmond and have failed both times.  It is clear that any claims against Richmond cannot be saved by further amendment.  Accordingly, Defendants' Motion to Dismiss Richmond as a defendant is GRANTED WITH PREJUDICE.

        2.   <u>Second and Third Causes of Action - § 1983 Claims Under the Sixth and Fourteenth Amendments</u>

In the Complaint, Plaintiffs alleged that that Defendants destroyed exculpatory evidence in violation of Fontana's Sixth and Fourteenth Amendment rights.  In its Order, this Court indicated that "[i]t is unclear how the alleged withholding of evidence violated Mr. Fontana's Sixth Amendment rights given his acquittal." Order at 15:10-11.  Accordingly, the Court instructed Plaintiffs to plead how Defendants' alleged withholding of evidence harmed Fontana.  Order at 15:7-13.

In the FAC Plaintiffs have failed to provide the necessary additional facts to properly state a Section 1983 claim for violations of their rights pursuant to the Sixth and Fourteenth Amendments.  Plaintiffs FAC contains identical allegations for both the Second and Third Causes of Action.  These allegations are still too vague and do not include facts that demonstrate that Defendants failed to disclose evidence to the detriment of the Plaintiffs.  Absent more, the allegations in these claims are still insufficient to maintain a cause of action for violation of

1  Plaintiffs' due process rights under either the Sixth or Fourteenth
2  Amendments.
3     In addition to Plaintiffs' inadequate amended pleading, the
4  Ninth Circuit recently ruled that plaintiffs who prevail in an
5  underlying criminal action have no Brady-related due process claims
6  under § 1983.  Smith v. Almada, 623 F.3d 1078, 1087-88 (9th Cir.
7  2010).  Plaintiffs fail to address Smith in their opposition,
8  thereby conceding that this case requires a dismissal of their
9  Sixth and Fourteenth Amendment claims.
10    Plaintiffs attempt to save their Fourteenth Amendment claim by
11 including a new argument in their Opposition that Defendants
12 engaged in an "impermissibly motivated prosecution."  Opp'n. (Doc.
13 #16) at 4:23.  The FAC is devoid of any allegations to support the
14 claim that Fontana was selectively prosecuted based on his
15 membership in a protected class.  See Wayte v. U.S., 470 U.S. 598,
16 608 (1985) ("the decision to prosecute may not be deliberately
17 based upon an unjustifiable standard such as race, religion, or
18 other arbitrary classification").  Alleged child molesters are not
19 members of a protected class.  See Rough v. Montana State Dept. of
20 Family Services, No. 91-35441, 1992 WL 132861, *4 (9th Cir. June
21 15, 1992) (dismissing Plaintiffs' § 1983 claims because Plaintiffs,
22 who claimed they are members of a protected class of wrongly
23 accused child abusers, failed to allege any facts showing a
24 violation of their rights).  Therefore, because Plaintiffs have
25 twice failed to state cognizable claims, and these claims cannot be
26 saved by further amendment, Defendant's Motion to Dismiss the
27 Second and Third Causes of Action in the FAC is GRANTED WITH
28 PREJUDICE.

### 3. Sixth Cause of Action -- Malicious Prosecution

In the FAC, Plaintiffs have included a separate state law claim for malicious prosecution. Defendants move to dismiss this claim under California Gov't. Code section 821.6 which provides that:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

Plaintiffs' opposition does not specifically address this argument. The Court finds that because Plaintiffs' Sixth Cause of Action for malicious prosecution is predicated on the criminal prosecution of David Fontana – a judicial proceeding as defined by Section 821.6 – all individual Defendants are immune from liability with respect to this claim. Moreover, since the individual Defendants are immune from liability, the County also is immune pursuant to Government Code § 815.2(b). Accordingly, Defendants' motion to dismiss Plaintiffs' Sixth Cause of Action is GRANTED WITH PREJUDICE.

### 4. State Law Claims

In the FAC, Plaintiffs allege various state law claims in conjunction with their First, Second and Third Causes of Action. FAC at ¶¶ 33, 39, 45. Plaintiffs have also asserted independent state law claims in their Fourth (loss of consortium), Fifth (Violations of California Gov't. Code § 820.21), Sixth (Malicious Prosecution), Seventh (Defamation/False Light) and Eighth (Intentional Infliction of Emotional Distress) Causes of Action. Defendants move to dismiss these claims on a number of grounds.

          a.   <u>Fifth Cause of Action – Gov't. Code § 820.21</u>

This claim cannot survive as a matter of law because § 820.21 does not apply to peace officers and all the individual named Defendants are peace officers. Plaintiffs concede this point in their opposition. Accordingly, the Fifth Cause of Action is DISMISSED WITH PREJUDICE.

          b.   <u>Sixth Cause of Action – Malicious Prosecution</u>

For the reasons set forth above, this claim is DISMISSED WITH PREJUDICE.

          c.   <u>Fourth Cause of Action – Loss of Consortium</u>

In its Order, this Court instructed Plaintiff to plead Mrs. Fontana's loss of consortium claim separately and include an allegation as to when the claim accrued. (Order at 16:12-16.) In their FAC, Plaintiffs plead this claim separately but fail to identify when this claim accrued. Plaintiffs also fail to show that Lisa Fontana timely filed a government tort claim. In their Opposition, Plaintiffs contend that, should the Court dismiss her state law claim for loss of consortium, Lisa Fontana should be permitted to convert this claim into a violation of her civil rights. Plaintiffs' contention is without merit. It is clear to this Court that Plaintiffs are unable to cure the multiple defects contained in Mrs. Fontana's sole claim. Accordingly, this Fourth Cause of Action is DISMISSED WITH PREJUDICE. In addition, Lisa Fontana is DISMISSED as a Plaintiff from this case.

///
///
///

          d.    <u>Seventh Cause of Action – Defamation/False Light</u>

Plaintiffs' Seventh Cause of Action for defamation and false light is brought only against Defendant Ed Braz. Defendant Braz moves to dismiss this claim under California Code of Civil Procedure § 425.16 (Anti-SLAPP statute). In their Opposition, Plaintiffs fail to address any of the arguments raised by Defendant Braz. Plaintiffs have not opposed or contended that alleged acts of Defendant Braz are not subject to the protection of California Code of Civil Procedure § 425.16. Plaintiffs assert, without any supporting authority, that the Court should deny Defendants' motion to dismiss this claim because Defendants did not submit declarations in conjunction with their anti-SLAPP motion. Plaintiffs have failed to meet their burden of demonstrating a probability of prevailing on their claim and failed to establish a prima facie case for defamation and false light. In addition, Plaintiffs have failed to address application of immunities to the facts pled. For all these reasons, Defendants' motion to dismiss the Seventh Cause of Action is GRANTED WITH PREJUDICE.

          e.    <u>Eighth Cause of Action – Intentional Infliction of Emotional Distress</u>

Defendants argue that all state law claims in Plaintiffs' FAC, including the Eighth Cause of Action, should be dismissed because Plaintiffs have failed to establish that their state law claims are not barred by their failure to timely file a government tort claim. Plaintiffs acknowledge, in their Opposition, that a party must file a tort claim within six months of the accrual of the cause of action. Opp. (Doc. #16) at 6:2; Cal. Gov't. Code § 911.2.

Plaintiff David Fontana contends that Government Code § 911.4 allows him up to one year from the time of accrual to file a tort claim if he presented a late claim. Opp. (Doc. #16) at 6:3-5. Plaintiffs' interpretation of this statute is incorrect.

Plaintiffs filed their tort claim on November 18, 2009. The County of Alpine deemed this claim to be untimely and sent notice pursuant to Government Code § 911.8. Section 911.8 provides that where a claim is rejected on grounds of untimeliness, a prospective plaintiff must first petition the appropriate court for an order relieving him from the claims presentation requirements. Id.; see Cal. Gov't. Code §§ 945.4, 946.6. Any such petition must be filed within six months from the time that the application to present a late claim was denied. Cal. Gov't. Code § 911.8(b).

Plaintiffs have not alleged, nor can they, that they ever petitioned an "appropriate court" for an order excusing them from complying with the claims presentation requirements contained in the Government Code. Plaintiffs also have not clearly alleged the date(s) their state tort law claims, including the Eighth Cause of Action, accrued. Defendants contend that these claims, other than the malicious prosecution claim, accrued no later than January 18, 2008 – the date David Fontana was arrested. Plaintiffs argue that these claims did not accrue until May 29, 2009 – the date David Fontana was acquitted. Plaintiffs' FAC, however, does not include sufficient facts to support their argument that all the state claims did not accrue until May 29, 2009. Moreover, Plaintiffs never challenged the County of Alpine's rejection of their tort claim based on untimeliness. In their Opposition, Plaintiffs also attempt to apply the "continuing violations" doctrine to their

10

state law claims but fail to cite any legal authority that supports such an application. In short, because Plaintiffs have not pled sufficient facts in their Eighth Cause of Action to demonstrate that this claim was part of a timely filed government tort claim, it cannot survive as a matter of law.[2] Thus, Defendants' Motion to Dismiss this cause of action is GRANTED WITH PREJUDICE.

## III. ORDER

For the reasons set forth above:

1. All claims in the FAC against Defendant WILL RICHMOND, are DISMISSED WITH PREJUDICE and he is dismissed as a Defendant in this case;

2. Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action are DISMISSED WITH PREJUDICE and Lisa Fontana is dismissed as a Plaintiff in this case; and

3. The parties are ordered to submit a Joint Status Report within twenty (20) days of this Order setting forth their respective positions as to whether Plaintiffs' First Cause of Action in the FAC is still viable as to the Defendants other than WILL RICHMOND. Defendants did not raise any specific arguments in their motion as to the First Cause of Action and, therefore, the Court needs further briefing on this issue.

IT IS SO ORDERED.

Dated: February 15, 2011

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] The Court would dismiss Plaintiffs' Fourth, Fifth and Seventh Causes of Action for this additional reason as well.